UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JIMMY ODONGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-00710-TWP-MJD |
| | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR SANCTIONS**

This matter comes before the Court on Plaintiff Jimmy Odongo's Motion Seeking to Find Defendant in Contempt of Court.[1] [Dkt. 27.] For the following reasons, the Court hereby **GRANTS IN PART and DENIES IN PART** Plaintiff's motion to compel, **DENIES** Plaintiff's motion for sanctions based on undue delay, and schedules for an evidentiary hearing on the issue of spoliation of evidence.

**I. Background**

Plaintiff filed his Complaint *pro se* against the City of Indianapolis ("Defendant") on May 7, 2014, alleging employment discrimination and wrongful termination from the police academy due to his national origin, pursuant to Title VII of the Civil Rights Act of 1964. [Dkt. 1.] At the initial pretrial conference on August 27, 2014, Plaintiff provided Defendant with his

---

[1] Plaintiff moves for Defendant to be found in contempt of court pursuant to Rule 37 of the Federal Rules of Civil Procedure based on Defendant's failure to provide complete and timely responses to Plaintiff's requests for production, based on Defendant's alleged unjust delay, and based on Defendant's alleged spoliation of evidence. [*See* Dkt. 27 at 15-16.] Accordingly, the Court will treat Plaintiff's motion as both a motion to compel and for sanctions pursuant to Rule 37(a)(3).

1

Response to Defendant's Affirmative Defenses Claim, which included twenty-two requests for documents therein. [Dkt. 31 at 1.] In September of 2014, pursuant to the Court's Scheduling Order dated August 29, 2014, Plaintiff additionally delivered his initial witness and exhibit list to Defendant, listing dozens of exhibits he intends on using at trial. [Dkt. 27-3 at 10-11.] Also in September, Defendant informally responded to Plaintiff's twenty-two requests, which Defendant followed-up with a formal response on November 25, 2014. [Dkt. 31 at 1.] Plaintiff, remaining dissatisfied with Defendant's responses, then filed his Motion Seeking to Find Defendant in Contempt of Court on December 22, 2014 for Defendant's alleged undue delay and spoliation of evidence. [Dkt. 27.] Oral argument was held before the Court on January 23, 2015 regarding Plaintiff's motion; the undersigned ruled from the bench, which ruling are memorialized below.

## II. Discussion

Rule 37 permits a party to file a motion to compel a required disclosure and for sanctions upon "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a). A required disclosure, as broadly defined by Rule 26, includes any information that a party may use to support its claims. Fed. R. Civ. P. 26 (a)(1)(A). "For good cause, the court may order discovery of any matter relevant" to the issues of the case. Fed. R. Civ. P. 26 (b)(1). "Thus, the scope of discovery should be broad in order to aid in the search for truth." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). Ultimately, this Court has "broad discretion in discovery matters." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001). Additionally, while the district court has a duty to recognize the *pro se* status of a party and treat him accordingly, "pro se litigants are not entitled to a general dispensation from the rules of procedure." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994).

**A. Plaintiff's Motion to Compel**

In its formal response to Plaintiff's twenty-two requests for production contained within his Response to Defendant's Affirmative Defenses Claim, Defendant made numerous objections, both general and specific. [Dkt. 27-1.] When a party raises objections to discovery requests, the objecting party bears the burden of proving that a discovery request is improper. *See, e.g.*, *Janssen v. Howse*, 09-CV-3340, 2011 WL 2533809 (C.D. Ill. June 27, 2011); *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009). General objections to discovery requests that merely recite boilerplate language without explanation do not meet this burden, and courts within the Seventh Circuit consistently overrule them or entirely disregard such objections. *See Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("'general objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered"); *Burkybile v. Mitsubishi Motors Corp.*, No. 04 C 4932, 2006 WL 2325506, at *9 (N.D. Ill. Aug. 2, 2006) (overruling boilerplate objections made generally and without elaboration).

In its formal response to Plaintiff's twenty-two requests, Defendant first notes that "[p]ublically available documents including, but not limited to, newspaper clippings, court papers and documents available on the Internet, will not be produced." [Dkt. 27-1 at 2.] When addressed at oral argument, Defendant provided no explanation, no case law, and no rule in support of this refusal to produce. Due to Defendant's insufficient explanation, in conjunction with the notion that a document response can be valuable in proving that a party has certain information within its possession, the Court **overruled** Defendant's objection to the production of publically available documents.

Proceeding with Defendant's general objections, the Court addressed Defendant's objection "to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence." [Dkt. 27-1 at 3.] When read in conjunction with Defendant's added statement that it "incorporates by reference every general objection set forth above into each specific response set forth below," the aforementioned objection *ipso facto* asserts that each request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. [*Id.* at 3.] On this point, Defendant, again, had no explanation to support the assertion that each request is so overbroad, unduly burdensome, or irrelevant, and, pursuant to *Burkeybile*, the Court **overruled** such objections.

Defendant then makes a general objection to "each document request to the extent that it calls for production of a privilege log for internal documents," adding that such a request for a log is "unreasonable and unduly burdensome in light of the work product doctrine, governmental deliberative process privilege, and other privileges." [*Id*.] However, Defendant presented no legal support for this assertion at oral argument. In contrast, Federal Rule of Civil Procedure 26 plainly states that "a party withholding information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material . . . **must**: expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A) (emphasis added). In the Seventh Circuit, this requirement demands the use of a "proper privilege log," which requires "a document-by-document description of the privilege asserted and the facts supporting it." *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 380

4

(S.D. Ind. 2009). Thus, Defendant's general objection refusing to present such a privilege log as "unreasonable and unduly burdensome" is contrary to law and was **overruled** at oral argument.

Defendant's next general objection, "to each definition, instruction, and document requests [sic], to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege," is similarly improper. [Dkt. 27-1 at 3.] As discussed above, Plaintiff is within his right to request such documents, and in response Defendant may produce a proper privilege log in lieu of document production; an unsubstantiated general objection is insufficient. Accordingly, the Court **overruled** Defendant's fourth general objection at oral argument for the same reasoning for which Defendant's third general objection was overruled.

Defendant's last general objection addressed at oral argument "objects to each definition, instruction, and document request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Plaintiff from Plaintiff's own files or documents that Plaintiff previously produced to Defendant." [*Id.*] This, too, is an improper objection, as a party can only refuse to produce the documents that *it* has already produced during this litigation as unreasonably cumulative. Additionally, the fact that certain documents may be "more accessible to Plaintiff" deprives Plaintiff of the value in knowing whether certain discovery lies within the possession, custody, or control of Defendant. Finally, as Defendant raised this point as an unsubstantiated general objection, and Defendant was not able to further substantiate the objection at oral argument, the Court **overruled** this objection as well.

Additionally, Defendant objects to "Plaintiff's instructions to the extent they are overbroad, unduly burdensome, vague, ambiguous, attempt to extend the scope of discovery beyond the Federal Rules of Civil procedure, impose obligations greater than those set forth in

5

the Federal Rules of Civil Procedure, calls [sic] for the production of documents that are irrelevant to this action, and not reasonably calculated to lead to the discovery of admissible evidence." [Dkt. 27-1 at 4.]  This objection, again, is not explained within Defendant's formal response to Plaintiff's requests.  Looking to Docket Entry 27-2, the Court noted that the only "instruction" to which Defendant could object directed Defendant to respond to his request for production one week after its issuance. [Dkt. 27-2 at 2.]  Because Rule 34 requires that the responding party make its responses and objections "in writing within 30 days after being served," Fed. R. Civ. P. 34(b)(2)(A), Plaintiff's one-week requirement was not in compliance with the federal rules of civil procedure.  However, Defendant was unable to provide reasoning or support for the remainder of the objection at oral argument.  Accordingly, the Court **overruled** Defendant's objection as an unsubstantiated boilerplate objection, except with regard to the improperly shortened response time.

Having resolved Defendant's general objections, the Court proceeded to address each of Plaintiff's requests to which Defendant failed to respond.  Plaintiff first requests "[a]ny and all Audio Tape Copies of all meetings recorded by Captain Holman; Including the meeting held on March 6, 2012 attended by; Chief Hite, Major Finch, Captain Holman, Sergeant Marshall and Officer Daley and myself." [Dkt. 27-1 at 4.]  In response, Defendant first objects to the request as lacking specificity and particularity with regard to time frame and scope.  At the hearing, the request was clarified to apply to the roughly five meetings that were held in Plaintiff's presence between the date that he began his training, November 28, 2011, through his termination, March 9, 2012.  With this clarification, the Court **overruled** Defendant's specificity and particularity objections.  However, Defendant believes to have produced all existing copies of such meetings,

while Plaintiff insists that additional meetings took place and were recorded. This remaining issue pertains to Plaintiff's spoliation claim, and is addressed below.

In response to Plaintiff's request for "[a]ny and all entries including addendums made on my WISE Account," Defendant again objects on the grounds of specificity and particularity. [*Id.* at 5.] However, the WISE Account is specific to Plaintiff, and the time frame is by default limited to his four months at the police academy. After noting this at oral argument, Defendant confirmed that there was nothing unclear about Plaintiff's third request. Thus, the Court **overruled** Defendant's objections, and Defendant agreed to supplement its responses.

Fourth, Plaintiff requests "[a]ny and all Assignments submitted including; reports entered in TIBURON, Group Project, Book Report on Lone Survivor, Patrol Observation Report." [*Id.*] Once again, Defendant objects with regard to specificity and particularity, as the request "fails to identify 'any and all assignments' with any reasonable particularity and also failed [sic] to state a time frame within the request." [*Id.*] At oral argument, the Court again clarified that the relevant time frame is limited to the four months during which Plaintiff attended the academy, and Plaintiff clarified that "any and all assignments" refer to the assignments given to Plaintiff during that time. Defendant then confirmed that there was no further objection given such clarifications, and the Court **overruled** Defendant's objections.

Plaintiff's requests numbered five through seven request "[a]ny and all email correspondence between myself and Officer Moore . . . Sergeant Marshall . . . [and] Officer Daley." [*Id.* at 5-6.] In response, Defendant objects to the requests as overly broad, unduly burdensome, and not reasonably limited in time. [*Id.*] Once again, the time frame is limited to November of 2011 through March of 2012, and the e-mail correspondence was clarified at oral argument as pertaining to the e-mails sent to and from Plaintiff's academy-issued e-mail account.

Defendant was, again, incapable of defending its objections, and thus each objection was **overruled**.

Plaintiff's eighth request seeks "[a]ny and all copies of Field Note Book notes of both Sergeant Marshall and Officer Moore starting on the following dates. December [2011] through March 2012." [*Id*. at 6.] In response, Defendant objects to the request based on the assertion that the information "is protected by the attorney-client privilege or work-product doctrine. This request seeks information that is confidential subject to a protective order." [*Id.*] As discussed above with regard to Defendant's general objections, the fact that a request for production seeks confidential information does not make the request objectionable; Defendant must produce a privilege log pursuant to Rule 26 and Seventh Circuit law in lieu of document production. Further, because neither Sergeant Marshall nor Officer Moore is an attorney and neither notebook was intended as a confidential conversation with legal representation, Defendant was unable to defend its assertion that the attorney-client privilege applies. *See Thompson v. Chertoff*, No. 3:06-CV-004-RLM, 2007 WL 4125770, at *3 (N.D. Ind. Nov. 15, 2007) (noting that communications from one non-attorney to another are not covered by Indiana's attorney-client privilege). Finally, the work-product doctrine cannot apply, as the notebooks were used in the regular course of the academy's recordkeeping protocol and not for the purpose of preparing for litigation. *See BASF Aktiengesellschaft v. Reilly Indus., Inc.*, 224 F.R.D. 438, 441 (S.D. Ind. 2004). Accordingly, each of Defendant's objections to Plaintiff's eighth request was **overruled**.

The next request to which Defendant failed to respond seeks "[a]ny and all Faxes received from the Doctors [sic] office including; the fax sent to Sergeant Marshall, regarding my participation at the Shooting Range on the last Friday before going to the range." [Dkt. 27-1 at 7.] In response, Defendant objects to the request as overly broad, unduly burdensome, seeking

irrelevant information, and lacking specificity and particularity for failing to narrow the phrase "any and all faxes received." [*Id.*] At oral argument, Plaintiff clarified that any faxes sought would be narrowed in time to the four months December 2011 through March 2012 and that any relevant facsimile would pertain to Plaintiff's health. In particular, there is a facsimile that was allegedly sent from Plaintiff's doctor that cleared Plaintiff to participate in one of the five scheduled visits to the shooting range. In light of those clarifications, Defendant has no further objections, and the Court **overruled** each of Defendant's stated objections.

There being no issues with regard to Plaintiff's eleventh request, the Court then addressed Plaintiff's twelfth request, which seeks "[a]ny and all copies of the Sign In/Out sheets for make up sessions for things such as Physical Training or meeting outside the allotted academy instruction time. For the following dates December [2011] through March, 2012." [*Id.*] In response, Defendant objects to this request as overly broad, unduly burdensome, and seeking irrelevant information. [*Id.*] At oral argument, Plaintiff clarified that he only needs the sign in/sign out sheets for his class at the academy during the four relevant months, and with that clarification Defendant had no objections. Accordingly, the Court **overruled** Defendant's objections in light of Plaintiff's clarifications.

Plaintiff's thirteenth request seeks "[a]ny and all Criminal Law Class Roster Quiz Results including the Final Criminal Law State Exam." [*Id.*] In response, Defendant objects to the request as overly broad, unduly burdensome, seeking irrelevant information, vague, and not reasonably limited in time and scope. [*Id.* at 8.] At oral argument, Plaintiff clarified that he only seeks the tests and answer sheets for his class at the academy during the relevant time period, as well as the results printout that was posted after each quiz, test, or exam. Given this clarification,

Defendant had no objections to Plaintiff's request, and the Court **overruled** each of Defendant's objections.

Plaintiff's fourteenth request seeks "[a]ny and all Criminal Law Assignments issued." [*Id.*] In response, Defendant objects to the request as overly broad, unduly burdensome, seeking irrelevant information, vague, and not reasonably limited in time or scope. [*Id.*] Once again, Plaintiff at oral argument clarified that Plaintiff only seeks the assignments given to him and his Criminal Law class during the four months that Plaintiff attended the academy, including any extra assignments that were given to Plaintiff. Plaintiff further explained that sometimes assignments were included in the syllabus and sometimes they were given orally by the instructor, Officer Daley. In addition to the instructions given by Officer Daley, Plaintiff clarified that his request for "assignments" also encompasses the responses that he submitted, sometimes by e-mail and sometimes by hand. Given these clarifications, Defendant could not support its objections to Plaintiff's request, and the Court so **overruled** Defendant's objections.

Plaintiff's fifteenth request seeks "[a]ny and all complete Academy Schedule for Survival Tactics and Physical Training." [*Id.*] In response, Defendant objects to the request as vague and not reasonably limited in time and scope, though Defendant did make a partial response. [*Id.*] At oral argument, Plaintiff clarified that he seeks not only the schedule for the course, which Defendant produced, but also the instructional materials and handouts. Again, given this clarification, Defendant had no objections, so the Court **overruled** Defendant's formal objections.

Plaintiff's eighteenth request is the next at issue, which seeks "[a]ny and all copies of the paperwork [Plaintiff] provided to both Officer Moore and Lieutenant Leary, when [Plaintiff met with each officer] regarding the group project." [*Id.* at 9.] In response, Defendant objects to the

request as lacking specificity and particularity because Plaintiff failed to define the meeting or state a time frame. [*Id.*] Again, the relevant time frame is limited to the four months during which Plaintiff attended the academy, and Plaintiff further clarified at oral argument that the meeting in question was one during which Plaintiff alleged that a classmate, who was named at oral argument, had plagiarized a portion of a group project in the course History of Policing, which project was presented in January of 2012. With this additional information, Defendant had no further objections to Plaintiff's request, and the Court **overruled** Defendant's objections.

The next and final request at issue is Plaintiff's twenty-second request, which seeks "[a]ny and all Indianapolis Metropolitan Police Departments Training Academy Guidelines and Procedures for Test Taking and Retesting including the Shooting Range." [*Id.* at 10.] In response, Defendant objects to Plaintiff's request as vague and not reasonably limited in time frame or scope. [*Id.*] Once again, the relevant time period spans the four months during which Plaintiff attended the academy, to which Defendant had no objection at oral argument given that clarification. While Defendant did produce most of the responsive documents, Plaintiff indicated that he still has not received the guidelines and procedures pertaining to the shooting range, as requested, which Defendant agreed to produce. Accordingly, the Court **overruled** each of Defendant's objections that prevented Plaintiff from receiving responses to his twenty-two requests, each of which at issue has been clarified to avoid confusion for the Defendant. Therefore, Defendant was and is **ORDERED** to make complete and unequivocal responses to Plaintiff's clarified requests to include the production of all responsive document by no later than **February 13, 2015**.

### B. Plaintiff's Motion for Sanctions

After his requests were clarified and Defendant's objections were overruled, Plaintiff was given the opportunity to argue his motion for sanctions. Plaintiff alleges that Defendant has been impermissibly evasive during the discovery process, which has caused undue delay. [*See* Dkt. 27.] Although Plaintiff provided Defendant with his twenty-two requests in August of 2014, contained within his Response to Defendant's Affirmative Defenses Claim, Defendant did not serve Plaintiff with a formal response until November of 2014, approximately three months after receiving such requests. [*Id.* at 2-7.] Almost one month after Defendant received the requests, a telephonic status conference took place with the Court, at which time Defendant did not raise any of its objections to Plaintiff's requests or seek clarification. [*Id.* at 3.] In response to an e-mail sent by Plaintiff on September 26, 2014, Defendant confirmed receipt of Plaintiff's twenty-two requests and noted that several document requests were made to the training academy and certain individual officers, and the documents would be produced upon their receipt. [*Id.* at 4.] Plaintiff followed this exchange with an e-mail on October 24, 2014, inquiring about the status of the discovery responses, and at a conference with the Court three days later Defendant assured the Court that such discovery responses would be made by the end of November. [*Id.* at 4-5.]

It is clear that Plaintiff was under the impression that the promise of Defendant's formal response to his requests would not be ridden with objections that were easily clarified at oral argument. [*See id.* at 7-8.] However, Rule 37 permits the responding party to make objections in lieu of producing documents responsive to requests for production. Fed. R. Civ. P. 34(b)(2). Although Plaintiff also views a portion of his initial witness and exhibit list as an addendum to his twenty-two requests, these additional "requests" must be served upon Defendant pursuant to Rule 34(a) and not contained within a preliminary exhibit list in order to sanction Defendant for

a lack of response pursuant to rule 37, as an opposing party cannot be expected to produce discovery based on an initial witness and exhibit list. It is also apparent that defense counsel was, at least minimally, responsive to Plaintiff's inquiries, and defense counsel took affirmative steps to proceed in responding to the discovery requests of which he was aware. Although Defendant was not immediately responsive and could have asked Plaintiff to clarify his requests at one of two conferences with the Court, the Court will not sanction a party based on its failure to live up to an ideal standard. Additionally, Plaintiff could have, and should have, conferred with Defendant in good faith about the lack of clarity of his requests after receiving Defendant's formal response in November of 2014 pursuant to Rule 37(a)(1), to which even *pro se* Plaintiffs are held. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994) ("pro se litigants are not entitled to a general dispensation from the rules of procedure"). There is no evidence that Defendant was intentionally dilatory in responding to Plaintiff's requests, and it does not appear that Defendant took advantage of Plaintiff's status as a *pro se* plaintiff, instead treating Plaintiff just as it would a party represented by counsel. In light of these findings, and in light of the fact that some of Plaintiff's requests did require clarification, the Court **DENIES** Plaintiff's request that Defendant be sanctioned for undue delay and misleading the Court.

Additionally, Plaintiff moves for sanctions based on his allegation that Defendant is either withholding or has destroyed material evidence. [Dkt. 27 at 11.] Specifically, Plaintiff alleges that there are additional tape recordings that are responsive to his first request, but Defendant insists that the meeting(s) were not recorded and that all existing recordings have been produced. [Dkts. 27 at 11-12, 27-1 at 4-5, and 31 at 2.] This issue requires the Court to make a finding of fact, and the Court therefore has scheduled an evidentiary hearing to take place on Friday, February 20, 2015 at 12:00 p.m. EST. While the parties may call other witnesses and

present additional evidence, the Court **ORDERS** Plaintiff Odongo and Captain Holman to be present. Counsel for Defendant is additionally **ORDERED** to bring to the hearing a copy of all such recordings produced by Defendant and to coordinate in advance with the Court staff to ensure that the appropriate equipment for playback of those recordings is available in the courtroom. Also addressed at oral argument was Plaintiff's claim that Defendant's response to his ninth request was not complete, which allegation Defendant denied. [*See* Dkt. 27-1 at 6.] This claim also requires the Court to make a finding of fact in order to resolve the issue, and the completeness of Defendant's response to Plaintiff's ninth request will also be addressed at the evidentiary hearing set for February 20, 2015, for which issue both parties should prepare.

### III. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS IN PART and DENIES IN PART** Plaintiff's motion to compel and **DENIES** Plaintiff's motion for sanctions based on undue delay. Defendant is thereby **ORDERED** to supplement its responses to Plaintiff's requests for production [Dkt. 27-2 at 3-4], as clarified herein, by **February 13, 2015** in a manner consistent with this Order.

With regard to Plaintiff's allegation of withholding or spoliation of evidence, the Court has scheduled an evidentiary hearing to take place on **Friday, February 20, 2015 at 12:00 p.m. EST in room 243** of the United States Courthouse, located at 46 East Ohio Street, Indianapolis, IN, to hear evidence on the issue. In addition to Plaintiff, Captain Patricia Holman is **ORDERED** to appear and give testimony, and the parties may call additional witnesses as they deem appropriate.

Date: 01/30/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

JIMMY ODONGO
1527 North Dearborn Street
Indianapolis, IN 46201

Mark J. Plantan
DELANEY & DELANEY LLC
mplantan@delaneylaw.net

Ameen R. Najjar
OFFICE OF CORPORATION COUNSEL
Ameen.Najjar@indy.gov

Amanda J. Dinges
OFFICE OF CORPORATION COUNSEL
amanda.dinges@indy.gov