UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JIMMY ODONGO,                )
                             )
                Plaintiff,   )
                             )
        vs.                  )   No. 1:14-cv-00710-TWP-MJD
                             )
CITY OF INDIANAPOLIS,        )
                             )
                Defendant.   )

**ORDER ON MOTIONS TO QUASH**

This matter comes before the Court on the City of Indianapolis's ("Defendant") Motions to Quash Subpoena. [Dkts. 51 & 52.] For the following reasons, the Court hereby **GRANTS** Defendant's motions to quash.

**I. Background**

Jimmy Odongo ("Plaintiff") filed his Complaint *pro se* against the Defendant on May 7, 2014, alleging employment discrimination and wrongful termination from the police academy due to his national origin, pursuant to Title VII of the Civil Rights Act of 1964. [Dkt. 1.] At the initial pretrial conference on August 27, 2014, Plaintiff provided Defendant with his Response to Defendant's Affirmative Defenses Claim, which included twenty-two requests for documents therein. [Dkt. 31 at 1.] Also in September, Defendant informally responded to Plaintiff's twenty-two requests, which Defendant followed-up with a formal response on November 25, 2014. [Dkt. 31 at 1.] Plaintiff, remaining dissatisfied with Defendant's responses, then filed his Motion Seeking to Find Defendant in Contempt of Court on December 22, 2014 for Defendant's alleged undue delay and spoliation of evidence. [Dkt. 27.]

1

Oral argument on Plaintiff's motion to compel was held on January 23, 2015, at which time the Court scheduled a hearing to take place on February 20, 2015 to address Plaintiff's spoliation claims. [*See* Dkt. 48.] On February 19, 2015, one day before this hearing was to take place, Plaintiff served two subpoena's on defense counsel: (1) a Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action directed to Deputy Chief Lloyd Crowe of the Indianapolis Metropolitan Police Department, and (2) a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to Captain Holman of the Indianapolis Metropolitan Police Department.[1] [Dkt. 51 & 52.] Both subpoenas specifically required the presence of Deputy Chief Crowe and the requested documents at the February 20, 2015 hearing. [Dkts. 51-1 & 52-1.] Upon receiving these subpoena's, defense counsel, also on February 19, 2015, moved to have them quashed as untimely and unduly burdensome, which motions are now before the Court.

## II. Discussion

Rule 45 of the Federal Rules of Civil Procedure outlines the procedures that must be taken in order to properly serve a subpoena for testimony or document production. Fed. R. Civ. P. 45. Additionally, Rule 45 provides that, when a motion to quash such a subpoena is timely filed, the court must quash or modify the subpoena under the following circumstances: (1) the subpoena "fails to allow a reasonable time to comply," (2) the subpoena "requires a person to comply beyond the geographical limits specified in Rule 45(c)," (3) the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies, " or (4) the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "The party seeking to quash a subpoena bears the burden of establishing the subpoena falls within the Rule 45

---

[1] The Court notes that Patricia Holman is now retired from the Indianapolis Metropolitan Police Department.

criteria*.*" *Patrick Collins, Inc. v. John Doe No. 3*, No. 1:12-CV-00844-TWP, 2013 WL 820307, at *1 (S.D. Ind. Mar. 5, 2013). In the end, the decision to quash a subpoena lies within the broad discretion of the district court. *See Ott v. City of Milwaukee*, 682 F.3d 552, 556 (7th Cir. 2012).

Defendant first asserts that the subpoenas fails to allow the reasonable time to comply required by Rule 45. [Dkts. 51 & 52.] Although the February 20, 2015 hearing addressing Plaintiff's allegations of spoliation of evidence was set during the January 23, 2015 hearing, Plaintiff did not serve his Rule 45 Subpoenas on defense counsel until February 19, 2015. With regard to the first subpoena requesting testimony, Plaintiff had never communicated advance notice to the Court or to defense counsel of an intent to hear testimony from Deputy Chief Crowe on the matter, and by February 19, 2015 Deputy Chief Crowe had a previously scheduled commitment and was unable to attend the hearing on one-day's notice. [*See* Dkt. 51.] Although there are certain circumstances that might necessitate a "forthwith" subpoena, the Court finds that, in this context, one day's notice was an unreasonable amount of time to demand that Deputy Chief Crowe comply with the subpoena when the hearing had been scheduled over three weeks prior to Plaintiff's issuance of the subpoena.

With regard to the second subpoena requesting that Captain Patricia Holman respond to eleven varying requests to produce in advance of the February 20, 2015 hearing, the Defendant again asserts that the subpoena does not allow a reasonable about of time to respond. [Dkt. 52.] Specifically, the subpoena requests that Captain Holman produce a tape recorder, software, computers, and numerous documents and files that are in the possession of the Defendant City of Indianapolis and not Captain Holman, who has since retired from her post. [*Id.*] Given the fact that she is no longer affiliated with the City of Indianapolis, Defendant asserts that Captain Holman would have been unable to successfully respond to the eleven requests made in the

3

second subpoena in time for the February 20, 2015 hearing, given that the subpoena was served on defense counsel only one day in advance.[2] [*Id.*]  Again, in light of the fact that Plaintiff was aware of the February 20, 2015 hearing over three weeks before he issued the second subpoena, there is no just cause for the issuance of a "forthwith" subpoena, and the Court finds that the second subpoena must be quashed for failing to allow a reasonable time for Captain Holman to comply with the requests contained in the subpoena.

### III.  Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** Defendant's Motions to Quash Subpoena for failing to allow a reasonable amount of time for compliance.  [Dkts. 51 & 52.]  Nevertheless, Deputy Chief Lloyd Crowe is hereby **ORDERED** to attend the hearing on Plaintiff's Motion Seeking to Find Defendant in Contempt of Court [Dkt. 27] to address Plaintiff's allegations of spoliation of evidence, which has been continued to **March 16, 2015**. [*See* Dkt. 56.]

Date:  03/10/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[2] The Court additionally notes that Local Rule 45-1 requires that a subpoena pertaining to a nonparty, such as Captain Holman, must be served on opposing counsel prior to service of the subpoena on such nonparty, with which requirement Plaintiff failed to comply.

4

Distribution:

JIMMY ODONGO
1527 North Dearborn Street
Indianapolis, IN 46201

Ameen R. Najjar
OFFICE OF CORPORATION COUNSEL
Ameen.Najjar@indy.gov

Amanda J. Dinges
OFFICE OF CORPORATION COUNSEL
amanda.dinges@indy.gov