UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JIMMY ODONGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-00710-TWP-MJD |
| | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO COMPEL DEPOSITION

This matter comes before the Court on the City of Indianapolis's ("Defendant") Motion to Compel Deposition, filed on January 22, 2015. [Dkt. 42.] For the following reasons, the Court hereby **GRANTS** Defendant's motion to compel.

## I. Background

Jimmy Odongo ("Plaintiff") filed his Complaint *pro se* against the Defendant on May 7, 2014, alleging employment discrimination and wrongful termination from the police academy due to his national origin, pursuant to Title VII of the Civil Rights Act of 1964. [Dkt. 1.] At the initial pretrial conference on August 27, 2014, Plaintiff provided Defendant with his Response to Defendant's Affirmative Defenses Claim, which included twenty-two requests for documents therein. [Dkt. 31 at 1.] Also in September, Defendant informally responded to Plaintiff's twenty-two requests, which Defendant followed-up with a formal response on November 25, 2014. [Dkt. 31 at 1.] Plaintiff, remaining dissatisfied with Defendant's responses, then filed his Motion Seeking to Find Defendant in Contempt of Court on December 22, 2014 for Defendant's alleged undue delay and spoliation of evidence. [Dkt. 27.]

Meanwhile, on December 5, 2014, defense counsel reached out to Plaintiff and offered seven alternative deposition times on four separate days in December from which Plaintiff could choose to have his deposition take place. [Dkt. 43-3 at 2.] One week later, Plaintiff responded, noting that December 22 was best for him "at the moment," but he agreed to confirm his availability "as soon as I find out." [*Id.*] On December 18, defense counsel, having not heard from Plaintiff confirming a December 22 deposition, suggested additional dates in January. [*Id.* at 3.] Plaintiff did not respond, confirming his availability to have his deposition taken on December 22, until the morning of December 22, even though he knew of his availability on December 19; in response to defense counsel's offer of January dates, Plaintiff suggested that they "wait pending the Courts [sic] decision" on his Motion Seeking to Find Defendant in Contempt of Court (or motion to compel and for sanctions), which he filed later that day. [*Id.*]

On January 7, 2015, because Plaintiff would not agree to consider a deposition date until after the Court ruled on his motion to compel and for sanctions, Defendant served a Notice of Deposition on Plaintiff pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, which notice Plaintiff received on January 9, 2015, setting the deposition for 1:00 p.m. on January 22, 2015. [Dkts. 43-1, 43-2.] On January 20, in response to an inquiry from defense counsel regarding a separate issue (and only two days before the noticed deposition was to take place), Plaintiff asked if the deposition could be rescheduled because he had stayed up three days in a row working on a motion and because he needed to prepare for the upcoming hearing on his motion to compel and for sanctions. [Dkt. 43-4 at 2.] In response later that day, defense counsel wrote that he was unable to reschedule the deposition due to his full schedule and the impending discovery deadlines. [*Id.*] On January 21, now the day before the noticed deposition was to take place, Plaintiff replied that he "will not be able to attend" the noticed deposition the next day.

[*Id.*]  Although Plaintiff noted that he would be filing a motion with regard to his deposition, none was filed prior to 1:00 p.m. on January 22, 2015, the day and time of the noticed deposition.  [Dkt. 43.]  Plaintiff failed to appear for his noticed deposition, and when defense counsel called him to inquire as to his whereabouts, Plaintiff answered that he was "at home" but did not provide defense counsel with an explanation for his non-attendance.  [*Id.*]

The afternoon of January 22, due to Plaintiff's failure to appear for the noticed deposition at 1:00 p.m., Defendant filed its motion to compel Plaintiff's deposition.  [Dkts. 42, 43.]  Later that same day, January 22, 2015, Plaintiff filed a Motion Seeking Protective Order Against Defendant's Deposition Notice.  [Dkt. 45.]  Although Plaintiff's motion for protective order was filed after Defendant filed its motion to compel, it is uncertain whether Plaintiff was aware that Defendant had filed such a motion prior to filing his motion for a protective order.  However, Plaintiff made no further response to Defendant's Motion to Compel Deposition other than filing his Motion Seeking Protective Order, which motions are now before the Court.  [Dkts. 42, 45.]

## II.  Discussion

Defendant moves to compel Plaintiff's deposition on the basis that the deposition was properly noticed, pursuant to Rule 30, and on the basis that Plaintiff's failure to appear for such a properly noticed deposition constitutes a failure to cooperate in the discovery process, pursuant to Rule 37.  [Dkt. 43.]  Plaintiff filed no response in opposition to Defendant's motion to compel his deposition; however, Plaintiff's motion seeking a protective order, which was filed after Defendant's motion, asserts that Defendant's alleged discovery failures, that Plaintiff's potential lack of knowledge without first receiving certain discovery from Defendant, and that Plaintiff's January 20 request to reschedule due to his lack of sleep and his need to prepare for the hearing

on his motion to compel and for sanctions all are sufficient to excuse him from needing to appear for his January 22, 2015 deposition. [Dkt. 45.]

A party is free to depose an opposing party without requiring leave from the court, so long as the Rule 26(f) discovery conference has taken place. Fed. R. Civ. P. 30(a)(1). Local Rule 30-1(d) supplements this provision, clarifying that, pursuant to the standards of the Seventh Federal Judicial Circuit, "attorneys will make a good faith effort to schedule depositions in a manner that avoids scheduling conflicts." Additionally, Local Rule 30-1(d) dictates that "no deposition will be scheduled on less than 14 days' notice." When proper notice has been served but the party fails to appear for his deposition, that party has failed to cooperate in discovery pursuant to Rule 37, and sanctions may be appropriate. Fed. R. Civ. P. 37(d)(1)(A)(i). A party is only excused from appearing for his deposition when such party "has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 26(d)(2). It is of further note that the "rules apply to uncounseled litigants and must be enforced"; *pro se* litigants are not excused from the confined of the Federal Rules of Civil Procedure. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998). Ultimately, this Court has "broad discretion in discovery matters, [including with regard to a] motion to compel." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001).

In order to evaluate whether the Plaintiff was excused from attending his noticed deposition, the Court must first determine whether the Defendant properly noticed the deposition pursuant to Rule 30. Federal Rule of Civil Procedure 30(b)(1) requires that the notice must give "reasonable written notice" that states the time and place of the deposition and, when possible, the deponent's name and address. Because the Notice of Deposition here identifies Jimmy Odongo as the deponent, including his home address, and states that the deposition "will be

taken at 1:00 p.m. on January 22, 2015 at Circle City Reporting, 135 N. Pennsylvania St., Ste. 1720," Defendant has met the name, address, time, and place requirements of Rule 30.

Having met the requirements of Rule 30 the Defendant must additionally meet the notice requirements set forth in Local Rule 30-1. As noted above, Local Rule 30-1(d) clarifies that a "reasonable written notice" within the Southern District of Indiana is one that is scheduled no less than fourteen days in advance of the noticed deposition date. Here, in the certificate of service pertaining to the Notice of Deposition, the Defendant certifies "that a copy of the foregoing has been duly served upon the party listed below by United States mail, first-class, postage prepaid on January 7, 2015." [Dkt. 43-1 at 3.] Because Defendant scheduled the deposition fifteen days in advance of the January 22 noticed deposition, the fourteen-day requirement of Local Rule 30-1(d) has been satisfied.

Finally, Local Rule 30-1 requires that a good faith effort be made to schedule depositions in a manner that avoids scheduling conflicts. Here, defense counsel made several attempts to propose deposition dates that would work for Plaintiff's schedule, and each time Plaintiff failed to confirm the date until the morning of the potential deposition, failed to consider any additional dates for a potential deposition, or failed to communicate an "inability"[1] to attend the noticed deposition until the day before it was scheduled to take place. Such failures are strong indications of an unwillingness to cooperate with opposing counsel's multiple efforts, and thus the Court finds that Defendant's efforts, though unmet, satisfy the good faith effort requirement of Local Rule 30-1(d). Accordingly, Defendant's Notice of Deposition meets each of the

---

[1] Although Plaintiff wrote on January 21 that he would "not be able to attend" the January 22 noticed deposition, the Court is skeptical of this inability to attend, as defense counsel reports that Plaintiff was "at home" at 1:30 p.m. on January 22, 2015 and Plaintiff has failed to allege otherwise.

requirements of Rule 30 and Local Rule 30-1, and the January 22, 2015 deposition was properly noticed.

Having found that the deposition in question was properly noticed, the Court must determine whether Plaintiff's failure to appear for his properly noticed deposition can be excused. On this point, Rule 37 of the Federal Rules of Civil Procedure governs:

> A failure described in Rule 37(d)(1)(A) [which includes a party's failure to appear for his deposition after being served with proper notice] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

Fed. R. Civ. P. 37(d)(2). The language here is abundantly clear that "unless the party failing to act **has a pending motion for protective order**," the party's failure to appear at a properly noticed deposition "**is not excused**." *Id.* (emphasis added). On this question, timing is of the essence—a motion for protective order filed *after* the party's failure to appear for his deposition occurs does not cure him of such failure. *See J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 656 F. Supp. 830, 837 (N.D. Ill. 1987) (motion to quash deposition notices was denied as untimely when filed after the noticed deposition was to take place and opposing party had filed a motion to compel for failure to appear at the noticed deposition). Accordingly, because Plaintiff did not file his motion seeking protective order until after his failure to appear at his properly noticed deposition, Plaintiff's failure to appear was in violation of Rule 37 for his failure to cooperate in discovery, and the proper recourse is to deny Plaintiff's motion as untimely.

In reaching this conclusion, the Court relies on two significant facts: (1) Plaintiff's Motion Seeking Protective Order was filed after he failed to appear at his deposition and after Defendant's Motion to Compel Deposition was filed, and (2) Plaintiff has made no further response in opposition to Defendant's motion to compel. However, the Court acknowledges that, being a *pro se* litigant, Plaintiff does not have access to the Court's electronic filing system,

so his only option was to file his motion for protective order in person. Upon reviewing the docket, Plaintiff's motion for protective order was stamped as "FILED" by the U.S. Clerk's Office of Indianapolis, Indiana on January 22, 2015, but the document itself was entered into the electronic filing system January 23, 2015. Because the document was entered into the system the next day, it is highly likely that Plaintiff arrived at the courthouse to file his motion for protective order late in the afternoon, well after 1:00 p.m.. That being said, a scenario is conceivable wherein the Plaintiff delivered his motion for protective order prior to 1:00 p.m. on January 22, 2015, but for some reason or another the document was not entered into the system until the following day. Thus, in an abundance of caution, the Court will address the merits of Plaintiff's Motion Seeking Protective Order Against Defendant's Deposition Notice. [Dkt. 45.]

Plaintiff's Motion Seeking Protective Order consists of nine numbered sentences that allegedly excuse him from failing to appear for his deposition. [Dkt. 45.] Sentences one through four are all allegations regarding Defendant's actions during the discovery process that Plaintiff already addressed in his motion to compel and for sanctions. [*Id.* at 1.] The fifth and sixth sentences assert that, without first obtaining that discovery from the Defendant, Plaintiff would be unable to provide "a full response" to Defendant's questions during the deposition and remains unable to amend his complaint (which is addressed in Plaintiff's pending motion for an extension of time). [*Id.* at 2.] Sentences seven and nine merely assert, respectfully, that his motion was field pursuant to Federal Rule of Civil Procedure 26(c) and that the motion was made in good faith and without prejudice to the Court or Defendant. [*Id.*] Finally, the eighth sentence asserts that "Plaintiff informed Defendant that, leading up to Thursday [January 22, 2015], Plaintiff would have been up for three days; Plaintiff will also need to prepare for Court on Friday [January 23, 2015]." [*Id.*]

Although Rule 37 of the Federal Rules of Civil Procedure provides that a deponent may be excused from appearing for his Rule 30 deposition if he has filed a motion for protective order pursuant to Rule 26(c), "the power to halt or limit examination is sparingly used." *Smith v. Logansport Community School Corp.*, 139 F.R.D. 637, 640 (N.D. Ind. 1991) (internal citations omitted). When relying on a motion for protective order, the burden is on the moving party to show "that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the witness or party." *Id.* In consideration of such a motion, "the issuance of an order terminating a deposition is a matter within the sound discretion of the court." *Id.*

Here, Plaintiff mainly uses his motion for protective order as a vehicle for reasserting arguments that were already before the Court in his pending motion to compel and for sanctions with regard to Defendant's discovery responses (sentences one through four) and in his motion for an extension of time to amend his complaint (sentence six). [*See* Dkts. 25, 27, & 45.] Such arguments are misplaced and do not properly assert that Defendant had noticed Plaintiff's deposition in bad faith or with intent to annoy, embarrass, or oppress Plaintiff. With regard to Plaintiff's sentence five assertion that he should be excused from appearing for his deposition because the lack of certain discovery responses "preclude[s] Plaintiff from developing and providing a full response to the questions to be asked at the Deposition," this assertion likewise does not meet the Plaintiff's burden as presented in *Smith*, as the purpose of conducting an opposing party's deposition is to obtain information to which that party has personal knowledge, and a response of "I don't know" would suffice if a question were to extend beyond that scope. Sentences seven and nine do not contain arguments in support of Plaintiff's motion for protective

order either; they merely establish that Rule 26(c) basis for the motion and that the motion is made in good faith.

And so, the sole substantive argument in Plaintiff's motion is contained in sentence eight and seeks to have the Court halt his deposition because Plaintiff had been up late the nights leading up to the noticed deposition and because he also had to prepare for the Court's hearing on his motion to compel and for sanctions. These deadlines were not recent developments, however, as the Court scheduled the hearing on Plaintiff's motion to compel and for sanctions on January 5, 2015 [Dkt. 30], and Plaintiff received notice of his deposition by January 9, 2015 [Dkt. 43-2.] Thus, Plaintiff had two weeks' worth of notice that his deposition and hearing would take place on consecutive days, and evidence of poor time management on the part of the Plaintiff does not meet the high burden of proving that Defendant intended to take Plaintiff's deposition in bad faith or with the intention to annoy, embarrass, or oppress Plaintiff, as seen in *Smith*. Accordingly, even if Plaintiff had timely filed his motion for protective order, such motion would be denied and Plaintiff would not be excused from appearing for his noticed deposition on January 22, 2015.

### III.  Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** Defendant's Motion to Compel Deposition [Dkt. 42], and the deposition of Plaintiff Jimmy Odongo, as noticed on January 7, 2015 [Dkt. 43-1], is **ORDERED** to proceed forthwith. Plaintiff shall confer with defense counsel, either by telephone or in person, within seven (7) days of the date of this order, which deposition shall take place within fourteen (14) days of such conference.

Pursuant to Rule 37, Plaintiff is additionally **ORDERED** to pay all reasonable expenses, including attorney's fees, caused by Plaintiff's failure to appear for his deposition. Fed. R. Civ.

P. 37(b)(2)(C). Defendant shall file an itemized request for such fees and expenses within twenty-one (21) days of the date of this Order. Plaintiff may respond within fourteen (14) days thereafter, and Defendant may file a reply within seven (7) days of any response. Additionally, for the reasons set forth above, Plaintiff's Motion Seeking Protective Order Against Defendant's Deposition Notice [Dkt. 45] is **DENIED**.

Date: 03/13/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

JIMMY ODONGO
1527 North Dearborn Street
Indianapolis, IN 46201

Ameen R. Najjar
OFFICE OF CORPORATION COUNSEL
Ameen.Najjar@indy.gov

Amanda J. Dinges
OFFICE OF CORPORATION COUNSEL
amanda.dinges@indy.gov