UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JIMMY  ODONGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-00710-TWP-MJD |
| | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION FOR SANCTIONS

This matter comes before the Court on Jimmy Odongo's ("Plaintiff") Motion Seeking to Find Defendant in Contempt of Court.[1]  [Dkt. 27.]  Having ruled on Plaintiff's motion with regard to its requests to compel and for sanctions based on undue delay, the sole issue remaining before the Court is Plaintiff's request for sanctions based on spoliation of evidence.  [*See* Dkt. 48.]  For the following reasons, the Court hereby **DENIES** Plaintiff's motion for sanctions based on spoliation of evidence.

## I.  Background

Plaintiff filed his Complaint *pro se* against the City of Indianapolis ("Defendant") on May 7, 2014, alleging employment discrimination and wrongful termination from the police academy due to his national origin, pursuant to Title VII of the Civil Rights Act of 1964.  [Dkt.

---

[1] Plaintiff moves for Defendant to be found in contempt of court pursuant to Rule 37 of the Federal Rules of Civil Procedure based on Defendant's failure to provide complete and timely responses to Plaintiff's requests for production, based on Defendant's alleged unjust delay, and based on Defendant's alleged spoliation of evidence. [*See* Dkt. 27 at 15-16.]  Accordingly, the Court treats Plaintiff's motion as both a motion to compel and as a motion for sanctions pursuant to Rule 37(a)(3).

1.]  At the initial pretrial conference on August 27, 2014, Plaintiff provided Defendant with his Response to Defendant's Affirmative Defenses Claim, which included twenty-two requests for documents therein.  [Dkt. 31 at 1.]  In September of 2014, pursuant to the Court's Scheduling Order dated August 29, 2014, Plaintiff additionally delivered his initial witness and exhibit list to Defendant, listing dozens of exhibits he intends on using at trial.  [Dkt. 27-3 at 10-11.]  Also in September, Defendant informally responded to Plaintiff's twenty-two requests, which Defendant followed-up with a formal response on November 25, 2014.  [Dkt. 31 at 1.]  Plaintiff, remaining dissatisfied with Defendant's responses, then filed his Motion Seeking to Find Defendant in Contempt of Court on December 22, 2014 based on Defendant's alleged undue delay and spoliation of evidence.  [Dkt. 27.]

Oral argument was held before the Court on January 23, 2015, after which the Court ruled on Plaintiff's request to compel more complete discovery responses and request for sanctions based on undue delay.  [Dkt. 48.]  With regard to Plaintiff's motion for sanctions based on spoliation of evidence, the Court scheduled an evidentiary hearing for February 20, 2015, at which hearing Captain Patricia Holman was ordered to testify.  [*Id.*]  On February 19, 2015, one day before this hearing was to take place, Plaintiff served two subpoena's on defense counsel: (1) a Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action directed to Deputy Chief Lloyd Crowe of the Indianapolis Metropolitan Police Department, and (2) a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to Captain Holman of the Indianapolis Metropolitan Police Department.   [Dkt. 51, 52.]  Both subpoenas specifically required the presence of former Deputy Chief, now Assistant Chief, Crowe and the requested documents at the February 20, 2015 hearing.  [Dkts. 51-1, 52-1.]  Upon receiving these subpoenas, defense counsel, also on February 19, 2015,

moved to have them quashed as untimely and unduly burdensome, which motions the Court granted. [Dkt. 66.] However, the Court nevertheless ordered Assistant Chief Crowe to attend a subsequent hearing on Plaintiff's motion for sanctions based on spoliation of evidence, which was scheduled for March 16, 2015. [*Id.*]

At the first evidentiary hearing regarding spoliation of evidence on February 20, 2015, Plaintiff identified a list of fifteen items that he believes have been destroyed. [*See* Dkt. 56.] In response, Defendant reported that each item had previously been produced, had never been requested, or never existed. [*Id.*] Prior to the subsequent hearing scheduled for March 16, 2015, Defendant was ordered to file the items in question that it alleged had already been produced and Plaintiff was ordered to be prepared to demonstrate that he had formally requested the items that Defendant represented had never been requested. [Dkt. 56 at 2.] The March 16 hearing was then rescheduled for April 20, 2015 due to a scheduling conflict, which was then rescheduled for June 24, 2015 due to Plaintiff's family reasons, which was rescheduled again for July 16, 2015 for the same family reasons. [Dkts. 68, 75, & 81.] The evidentiary hearing was concluded on July 16, 2015, and the Court now rules on Plaintiff's motion for sanctions based on spoliation of evidence.

## II.   Discussion

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), the Court has the authority to impose sanctions on a party who fails to make a disclosure, such as a response to a request for production. Specifically, appropriate sanctions include payment of reasonable expenses, an informative jury instruction, or other listed sanctions—excluding treating failure to disclose as contempt of court. Fed. R. Civ. P. 37(c)(1). District courts additionally possess "the inherent

power to punish conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501
U.S. 32, 33 (1991).

When presented with a motion for sanctions specifically based on spoliation of evidence,
the movant must prove all of the following elements: (1) there was a duty to preserve the
evidence; (2) that duty was breached through intentional destruction of the evidence; (3) such
destruction was committed in bad faith; (4) the movant was prejudiced by such destruction; and
(5) an appropriate sanction can ameliorate the prejudice from the breach. *Wells v. Berger,
Newmark & Fenchel, P.C.*, No. CIV.A. 07 C 3061, 2008 WL 4365972, at *6 (N.D. Ill. Mar. 18,
2008). The Seventh Circuit has confirmed that proof of intentional destruction is not enough—
there must be a duty "to preserve evidence because it knew, or should have known, that litigation
was imminent" and the movant must prove that the materials were destroyed "in bad faith [as] a
prerequisite to imposing sanctions for the destruction of evidence." *Trask-Morton v. Motel 6
Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008).

It should go without saying that, in order to prove that Defendant destroyed evidence,
Plaintiff must first prove that the evidence existed in the first place. The first item Plaintiff
alleges has been destroyed is a tape recording of a March 6, 2012 meeting that Plaintiff attended
prior to his departure from the academy, which he alleged was recorded by Captain Patricia
Hollman. [Dkt. 56.] At the hearing held on February 20, 2015, Retired Captain Hollman
testified that, although she chose to record some of her meetings as a preferred method of note-
taking, such recordings were not standard. Additionally, Captain Hollman testified that academy
officials held a regularly scheduled meeting on Tuesdays to discuss the recruits, and she would
not have recorded "their meeting." In response, Plaintiff's only evidence of the tape recording's
existing was his own recollection, and Plaintiff confirmed that other academy officials were

4

present at one of the meetings that he had attended with Captain Hollman. Thus, it would logically follow that, as March 6, 2012 was a Tuesday, the meeting in question was called by the academy officials and not by Captain Hollman, and therefore it is reasonable to infer that she would not have recorded that meeting. Additionally, Assistant Chief Lloyd Crowe testified at the July 16, 2015 hearing that it was not standard procedure to record academy meetings, and Plaintiff was unable to present any evidence to the contrary. Thus Plaintiff fails to present proof that the recording in question ever existed, let alone proof that Defendant had a duty to preserve such a recording, as required by *Trask* and *Wells* in order to succeed on a motion for sanctions based on spoliation of evidence. Accordingly, Plaintiff's motion with regard to Item 1 is **DENIED**.

Items 2, 8, 11, 12, and 14 all pertain to evidence that, at the February 20, 2015 hearing, Defendant reported that Plaintiff had never formally requested in the first place. [Dkt. 56.] Accordingly, the Court ordered Plaintiff to be "prepared to demonstrate the existence of such formal requests at the next hearing." [*Id.*] At the July 16, 2015 hearing, Plaintiff referred only to a discovery request made in February of 2015 in support of his assertion that Defendant's failure to produce the items in question is indication of their destruction. As a motion for sanctions filed in December of 2012 cannot be based on a failure to produce items formally requested in February of 2015, such evidence is not sufficient. Plaintiff was unable to produce evidence of any formal requests that predated the filing of his motion for sanctions, even though the Court had ordered him to be prepared to do so months prior to the hearing, so Plaintiff's arguments with regard to Items 2, 8, 11, 12, and 14 are hereby deemed **WAIVED**.

Items 3, 4, 5, 6, 9, 10, 13, and 15 all pertain to evidence that, at the February 20, 2015 hearing, Defendant reported that it had already disclosed to Plaintiff. [Dkt. 56.] Accordingly,

the Court ordered Defendant to file a copy of such documents with the Court in preparation of the following hearing. [*Id.*] Defendant complied with the Court's order and filed such copies at Docket Entry 61. At the subsequent hearing, Plaintiff was unable to present any evidence that the documents pertaining to Items 3, 4, 6, 9, 10, 13, and 15 were incomplete. The Court is thus left with a "he said, she said" scenario, which is insufficient proof to warrant court sanctions. Therefore, Plaintiff's motion with regard to Items 3, 4, 6, 9, 10, 13, and 15 is **DENIED**.

Plaintiff did enter into evidence what appears to be a handbook excerpt stating that "[w]hen on Training Academy property during off-duty hours, sign-in and sign-out in the logbook located inside the classroom." [Pl. Ex. 103.] Although Item 5 referred to the "sign-in/sign-out sheets from the academy," Plaintiff asserted that the relevant pages from the logbook referenced in the handbook were not produced by Defendant and were not included in Docket Entry 61. In response, Defendant reported that all of the existing log sheets have been produced. Accordingly, the Court at this time **DENIES** Plaintiff's motion with regard to Item 5, without prejudice to Plaintiff raising the issue again if evidence of the existence of the logbook in question is discovered.

Finally, Item 7 refers to "[d]ocuments provided by Mr. Odongo relating to a member of his academy work group who allegedly plagiarized his work." [Dkt. 56.] Because Plaintiff represented at the February 20, 2015 hearing that he has access to an e-mail from his personal account pertaining to Item 7, Plaintiff was ordered to file a copy of that e-mail with the Court. [*Id.*] Plaintiff complied with the Court's order and filed such copy at Docket Entry 64. At the July 16, 2015 hearing, Defendant confirmed that the e-mail appeared to have been sent to e-mail accounts that have been searched during the discovery process for e-mail exchanges with Plaintiff, and the e-mail is one that likely has already been produced. Accordingly, the Court

**ORDERS** Defendant to file a copy of the produced e-mail stating when it was produced to Plaintiff within ten (10) days of the date of this order.

### III.   Conclusion

For the aforementioned reasons, the Court hereby **DENIES** Plaintiff's Motion Seeking to Find Defendant in Contempt of Court in its entirety.  [Dkt. 27.]

Date:  07/17/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

JIMMY ODONGO
1527 North Dearborn Street
Indianapolis, IN 46201

Ameen R. Najjar
OFFICE OF CORPORATION COUNSEL
Ameen.Najjar@indy.gov

Amanda J. Dinges
OFFICE OF CORPORATION COUNSEL
amanda.dinges@indy.gov